**COOLEY, Appellant,**

v.

**COOLEY, Appellee.**

[Cite as *Cooley v. Cooley* (1993), 90 Ohio App.3d 706.]

Court of Appeals of Ohio,
Montgomery County.

No. 13452.

Decided Oct. 12, 1993.

*Joyce M. Deitering,* for appellant.

*Linda L. Cooley,* a.k.a. *Linda LaFromboise, pro se.*

KERNS, Judge.

This appeal is directed to a divorce decree entered in the Division of Domestic Relations of the Court of Common Pleas of Montgomery County. The plaintiff, Rand Eugene Cooley, and the defendant, Linda L. Cooley, were married on May 21, 1988 and divorced on April 29, 1992.

During the course of the divorce proceedings, Linda Cooley moved for summary judgment on the ground that the parties had entered into a consent agreement pursuant to R.C. 3113.31, whereby Rand Cooley was granted sole occupancy of their marital premises upon the payment to her of $7,000, which she was to accept as her total property settlement in the divorce case. The consent agreement was executed by Linda, her counsel, and by Rand's counsel, but the agreement was not signed by Rand, who had received notice, but was not present at the hearing.

Thereafter, on March 30, 1992, the trial court granted the motion for summary judgment as it related to the single issue involved in the consent agreement, but overruled the motion as to the remaining issues involved in the divorce case. The remaining issues came on for hearing on April 20, 1992, and, thereafter, in its final decree, the trial court ordered that Rand (appellant) pay $7,000 to Linda (appellee) for her total property settlement by May 20, 1992.

In the appeal, Rand has set forth his only assignment of error in the form of an inquiry, as follows:

"Whether the trial court erred in granting summary judgment when a genuine issue of material fact existed as to whether the consent agreement which was the basis for the summary judgment could be dispositive of a divorce property settlement and when granting said summary judgment denied appellant his due process rights guaranteed by the Fourteenth Amendment to the United States Constitution."

In this court, appellant (Rand) has failed to file a transcript and appellee (Linda) has failed to file a brief, but the record as presented does provide substantial support for appellant's assignment of error.

In the first place, it is extremely doubtful that the legislature contemplated permanent property settlements when it alluded to protection orders or consent agreements in the domestic violence statutes, and this observation is clearly borne out by the time restrictions imposed by R.C. 3113.31(E)(3). Hence, a genuine issue of fact did exist as to the role of the consent agreement in this divorce proceedings.

However, the position of the appellee in this appeal is vulnerable for another basic reason. Here, appellant did not execute the consent agreement, and his counsel apparently did not have any special authorization to compromise his property rights. Ordinarily, an attorney has no implied authority to settle a client's claims. *Morr v. Crouch* (1969), 19 Ohio St.2d 24, 48 O.O.2d 43, 249 N.E.2d 780, paragraph two of the syllabus. Nor can a court by its imprimatur validate a settlement which is otherwise unenforceable. *Klever v. Stow* (1983), 13 Ohio App.3d 1, 13 OBR 1, 468 N.E.2d 58. See, also, *Ohio State Tie & Timber, Inc. v. Paris Lumber Co.* (1982), 8 Ohio App.3d 236, 8 OBR 309, 456 N.E.2d 1309; Annotation (1991), 90 A.L.R.4th 326, 335. At the bare minimum, therefore, a question of fact exists as to whether the consent agreement adopted under R.C. 3111.31 was enforceable as the final property settlement of the parties to the divorce action.

In its final judgment and decree of divorce, as entered on April 29, 1992, the trial court based its total property settlement upon the partial summary judgment granted on March 30, 1992, but in the application of fundamental principles (see Civ.R. 56), the record militated against the summary disposition of the matter. Accordingly, the assigned error must be sustained.

The judgment is reversed, and the cause is remanded to the trial court for further proceedings.

*Judgment reversed*
*and cause remanded.*

GRADY, P.J., and FREDERICK N. YOUNG, J., concur.

JOSEPH D. KERNS, J., retired, of the Second Appellate District, sitting by assignment.